Earle J.
(sitting for Harper J.) delivered the opinion of the Court.
It is too clear to admit of argument that there was error in the verdict of the jury in allowing intereston the note, for one year, before it became due. This does not appear to be controverted. It was error apparent on the face of the record. When the sheriff therefore had collected the whole sum really due upon the note declared on, although a larger sum was expressed on the execution, it does not appear to the Court, that he was to be considered in contempt, for *210 delaying to enforce the execution for the balance, until the Court should have decided on the merits of the defendant’s application, to be relieved from it. And although the sheriff is not to be encouraged, in searching out flaws in the proceedings, or in detecting errors in calculation, yet a palpable case like this, is consideredby the Courtas furnishingreasonable cause for not proceeding, and why he should not be held in contempt. The presiding judge therefore did well in discharging the rule against the sheriff. The motion made by the defendant at chambers, to set aside the proceedings, was also correctly refused. It was no ground to set aside proceedings, and the course pursued by the Court, was probably the most eligible and most conformable to modern practice. Questions of this nature are now usually settled in a summary way on motion, by which substantial justice is attained without the expense and delay of a regular suit. On the return of the rule, the Circuit Court, will find little difficulty, it is conceived, in affording a remedy, if the mistake be as plain as it is said to be. The ancient rigor on the subject of amendment has been greatly abated, as well by the liberal and enlightened practice of the Courts in modern times, as by statute, it is the constant practice here to amend proceedings in any period of their progress, to preserve their symmetry, and to make them conformable, if any thing appear by which the amendment can be framed.— Writs, declarations, judgments and executions, are every day amended, up to the time of final satisfaction. And there can be no reason why a verdict should not also. Indeed, verdicts have often been amended, in cases of palpable mistake, and instances will be found in the following authorities, 2 Str. Rep. 1197. 1 Cain’s Rep. 381, 583. 15 Johns. Rep. 318. 7 Mass. Rep 358. 11, I 57, 2 Doug. 376, 746. Bay’s Rep. 496. * In Mooney v. Welsh, 1 Con. Rep. 133, the Court says *t the Court of Common Fleas has always exercised power of looking into its own records, andón mo' tion, affordin that remedy after judgment has been *211 entered up, which is obtained by writ of error in the English Court.” There can be no doubt that this verdict would be set aside on writ of error, if brought before satisfaction; and if the verdict had exceeded the damages laid, as in Mooney v. Welsh, the Court would have ordered the plaintiff, to enter a remittitur for the excess. Here the verdict does not exceed the damages laid, but it exceeds the amount to which the damages could have been estimated from the cause of action set out by the plaintiff, According to the plaintiff’s shewing, he was entitled to interest from the time when he states the note to have fallen due. If the jury, on the face of the verdict, appear to have allowed interest for a year-previous, then the record furnishes, within itself, conclusive evidence of their error or mistake, as well as a rule by which to amend, and a ground to afford relief. The plaintiff cannot be permitted, by the mistake of the jury, in computing interest, or in fixing the day from which it shall be computed, to recover more than he claimed, or shewed himself entitled to. The mode of relief is not very essential. This Court is of opinion that the verdict and subsequent proceedings may be amended, so as to conform to the declaration, if the error be apparent on the face of it. The same end may, perhaps, be attained in a different way, by requiring the plaintiff to enter satisfaction on the judgment, on payment of the sum really due upon the note. That, was the ground of action, and must be the standard of recovery. It must have been produced on the trial, , and ought to be deposited with the record. Its production may be necessary on the return of the rule which was correctly ordered by the presiding judge; and let the plaintiff have notice, if the defendant chooses, to produce the original note.
See also Hubbell v. Fogartie, ante 167; Giles v. Pratt, post; Petriev.Hannay; 3 T. R. 659; Doe v. Perkins, 3 T. R. 749; Bold's case, Salk. 53 & Ib. Note (a).
Thos. S. & Henry Grimke, for the motion.

The motion to reverse the decision of the Circuit Judge is refused.

Johnson & O’Neall Js. concurred.